(Decided March 25th, 1896).

---

## ALFRED J. ULMAN vs. THE CHARLES STREET AVENUE COMPANY et al.

*Equity Pleading—What is Admitted by Demurrer—Adverse Possession of Highway—Injunction to Restrain Widening of Turnpike Road.*

A demurrer to a bill in equity admits the truth of the allegations of fact in the bill so far as they are relevant and well pleaded, but not conclusions of law or theories of construction drawn from the facts.

Where a bill for an injunction alleged that the defendant company had not acquired title to certain property so far as the land records disclosed, unless the same was acquired by certain condemnation proceedings elsewhere referred to in the bill, a demurrer to the bill does not admit that the defendant did not have title to the property.

An individual cannot acquire title by adverse possession to a part of a highway.

A turnpike company was authorized to construct a road sixty-six feet wide. The road as constructed in front of the property of the plaintiff (an abutting owner) was thirty feet wide. Plaintiff planted trees and laid sidewalks and drains along the line of his lot and extending fifteen feet within the width of the road as authorized, the trees being upwards of twenty years growth. These fifteen feet were not within the lines of the conveyance to plaintiff. The turnpike company having declared its purpose to widen its road to sixty-six feet, plaintiff filed a bill for an injunction. *Held,* that plaintiff had not acquired title by adverse possession to the fifteen feet in front of his lot, and was not entitled to an injunction restraining the removal of the sidewalk, &c., for the purpose of widening the road.

Appeal from Circuit Court No. 2, of Baltimore City. The appellant filed a bill asking that the appellee be enjoined from widening its road opposite the property owned by the appellant. The defendant demurred and the Court below (Wickes, J.) made a decree dismissing the bill. The appellee, the Charles Street Avenue Company, was incorporated by the Act of 1854, chap. 204, Section 1 of this Act authorized the company to make a turnpike road from the present northern terminus of Charles street, in or near the city of Baltimore (now 24th street), to a point on the road known as the Powder Mill road in Baltimore County, near to the powder magazine. Section nine provided: "That the said company are hereby invested with all the powers and authority necessary for the construction of a turnpike road between the *termini* mentioned in the first section of this Act. * * Which road shall be of the width of sixty-six feet, of which at least eighteen feet shall be composed of broken stone, gravel or other hard substance. * * That said road shall commence as aforesaid, at the present northern termination of Charles street, and shall run thence in a direct line with said street extended in a direction due north until it reaches or approximates the northern outline of a farm in said county known as Clover Hill, &c., &c., to the terminus aforesaid on said Powder Mill road."

Within a year or two after the grant of the charter the company constructed a road of a width varying from 20 to 38 feet along the designated route. Opposite the land now

owned by the appellant the width of the road did not exceed 30 feet. The bed of the road at that point and the adjoining land since conveyed to the appellee, was then owned by William Holmes. The bill alleges "that the records in the office of the Circuit Court for Baltimore County show that a warrant, return and inquisition as to damages sustained by William Holmes for land for the use of the Charles Street Avenue Company was returned to that Court, and the inquisition confirmed by consent on October 6, 1856, but there is nothing of record to show to what land this applied, and it can, therefore, have no effect upon the said dedication."

In 1870 Holmes conveyed a part of his land to one Sinclair, describing it as beginning at the corner formed by the intersection of the east side of Charles street as laid down with the north side of Barnum (now 28th) street, thence north bounding on the east side of Charles street four hundred feet to the south side of Holmes (now 29th) street; and another portion to the Peabody Heights Company, describing it as beginning on the east side of Charles street at a distance of four hundred feet northerly from the northeast intersection of Barnum (now 28th) street and Charles street, and running thence northerly, bounding on the east side of Charles street one thousand feet, &c.

In the conveyances of a part of this property to the appellant, it is likewise described as binding on the east side of Charles street. The appellant constructed sidewalks and planted trees along the Charles street front of his lot, occupying fifteen feet of the road if the same were widened to sixty-six feet. The bill alleged "that the said company now declare their intention to widen the said road opposite the property of your orator, and in some other portions thereof, to a width of 66 feet, and to that end to tear up, remove and destroy the said sidewalks, drains and trees of your orator, and are about to, and will carry said intentions into effect, unless restrained by this Honorable Court. That the said company having for a period of 40 years failed to

avail itself of the franchises granted by said Act of Assembly, cannot now exercise them.　That they must be held by their said action to have abandoned any right to construct a road of 66 feet width, especially when the exercise of such a right will inflict irreparable injury upon others who in ignorance of any such right, have improved their property."

The cause was argued before McSherry, C. J., Bryan, Briscoe, Page, Roberts, Boyd and Russum, JJ.

*M. R. Walter* for the appellant.

1. William Holmes, by the said deeds to Sinclair and the Peabody Heights Company dedicated Charles street for the benefit of the property thereby conveyed and now owned by the appellant.　When a party sells property and in the conveyance bounds such property by streets designated as such in the conveyance, such sale implies necessarily a covenant that the *purchaser* shall have the use of such streets. *White* v. *Flannigan,* 1 Md. 540; *Moale* v. *M. & C. C.,* 5 Md. 321.　Abutting owners have rights in the street which constitute property, and of which they cannot be deprived without due compensation.　The sale of lots with reference to such street fixes the private rights of purchasers therein. *Elliott on Roads and Streets,* pages 114 and 90.

An abutting owner has a private right in a road distinct from the claim of the public.　*Common Council* v. *Croas,* 7 Ind. 12; *Story* v. *N. Y. El. R. R.,* 90 N. Y. 145; *Town of Rensellear* v. *Leopold,* 106 Ind. 131; *Ches. & Pt. Co.* v. *Mackenzie,* 74 Md. 49.　The condemnation proceedings referred to in the bill of complaint cannot affect the dedication by Holmes.　They do not show what portion, what width or what quantity of Holmes' land was condemned.　It is useless to discuss what presumption would arise had the road been opened originally to the width of sixty-six feet.　The fact in this case is that the road has never at any point been wider than thirty-eight feet, and never wider than thirty feet in front of the appellant's premises.　There can, therefore, certainly be no presumption that a sixty-six foot road was

actually condemned; on the contrary, if there be any presumption at all, it could not be for more than the width of the road as it has existed for the past forty years.    After maintaining for forty years a road of only from thirty to thirty-eight feet, in violation of its charter, the company is certainly not entitled to a presumption in its favor that a sixty-six foot road had been actually condemned·or acquired by it.

2. The road is an entirety, and cannot lawfully be partly opened or partly maintained.    The charter provides for a road of *sixty-six feet, from 24th street to the old powder mill,* and a road different from that described in the Act has no legal sanction or.existence.    The whole road must be laid out as authorized by the Act.    It is an entirety, and unless so laid out the company has no rights therein.    *Mills on Eminent Domain,* sections 283 and 284; *Ford* v. *Danbury,* 44 N. H. 388; *People* v. *Township Board,* 12 Mich. 435; *Brannon* v. *Mecklenburg,* 49 Cal. 676; *City of Cincinnati* v. *Cin. & Spring Ave. Co.,* 26 Ohio St. 345; *Green* v. *Beeson,* 31 Ind. 7; *Libblom* v. *Ramsay,* 75 Ill. 246; *Robinson* v. *Logan,* 31 Ohio St. 466.    The company not having the right of way in the entire roadbed required, cannot construct the whole road authorized, and has, therefore, according to the authorities cited, no right to build a part.    The completion of the road of the width prescribed is just as essential as its completion between the terminal named.    *Balto. &·Yorktown T. Co.* v. *Crowther,* 63 Md., pages 566, 567; *People* v. *Fishkill,* 27 Barb. (N. Y.) 445.    The abandonment by the company, without legislative sanction, of part of the road, was fatal to its rights in the entire road.    The estate of the corporation is merely an easement, burdened with the public duty of maintaining the road, and when it abandons the duty it loses the estate.    5 *Thompson Comm. on Law of Corp.,* section 5938; *Western Plank Road* v. *Cent. U. Tel. Co.,* 116 Ind. 229.

The company having permitted the owners of property between 24th and 26th streets to ·occupy a part of the pro-

posed roadbed in making the improvements mentioned in the aforegoing statement, it cannot require their removal, because the injury to them would be irreparable, and it can, therefore, not make a road of 66 feet at those points. It is too late to condemn additional property. All the land required must be taken at once. *Elliott on Roads and Streets,* page 177, and cases there cited. The company having, therefore, not acquired any title or right of way to the sixty-six foot road opposite the appellant's property, and having no title whatsoever by condemnation, conveyance, agreement or otherwise to portions of the route outside of the Holmes property, and having actually for some years past abanboned that portion of the road between 24th and 25th streets, and having no right to require the owners, who have made improvements with the knowledge and acquiescence of the company on the proposed roadbed, to remove the same, the company is in no position to build the road as authorized, and can, therefore, not interfere with the rights of the appellant in the sidewalks, drains and trees on his premises.

3. There being nothing of record of any kind to show that the company has acquired the land or right of way of sixty-six feet width in front of the appellant's premises, and the appellant having no notice otherwise of any rights of the company, if any there be, and the appellant having, with the knowledge and acquiescence of the company improved the same, the corporation is now estopped from widening its road at that point, even if it had in fact acquired the right by agreement or otherwise, of which no public record was made and notice given. *Brown* v. *M. E. Church,* 37 Md. 108.

4. The company having, for a period of forty years, failed to avail itself of the franchises granted by the Act of Assembly, cannot now exercise them. It must be held by that action to have abandoned any right to construct a road of sixty-six feet width, especially when the exercise of such a right will inflict irreparable injury upon the appellant.

5. The plaintiff having been in the continuous adverse and uninterrupted enjoyment and possession of claim of title for upwards of twenty years as to the first-mentioned lot, he has an absolute right and title to its enjoyment without any interference on the part of the company.

*John N. Steele* (with whom were *Steele, Semmes & Carey* on the brief), for the appellee.

The property for which protection is sought by the appellant is the strip of ground fifteen feet in width in front of his lots.   What title has he shown to this strip?   His deeds limit him to the east side of Charles-street avenue, and he does not pretend that the strip is covered by his deeds.   On the contrary, he claims title thereto by adverse possession. This claim of adverse possession is, however, fatally defective, because it is not alleged to be exclusive.   In fact, the character of the property and the allegations in the third paragraph of the bill, of its constant use as a footway or pavement, expressly negatives the idea of the use by the appellant being exclusive.   The clear weight of authority seems to be that there can be no rightful permanent possession of a public highway for private purposes, and that a highway cannot be lost by adverse possession.   *Elliott on Roads and Streets,* pages 490, 668, 669; *Tainter* v. *Mayor of Morristown,* 19 N. J. Eq. 46; *Cross* v. *Mayor of Morristown,* 18 N. J. Eq. 305.

But he claims, that since the company has no record title to the sixty-six feet opposite his property, it must be confined to the width of road actually used.   To this it would be sufficient to say that the affirmative is upon the appellant, and that he must show not only that the company has no title to the strip in question, but that he has such a title as would justify a Court of Equity in giving him the relief asked.   Assuming, however, for the sake of the argument, that the company has no record title to the sixty-six feet, it is submitted that it has acquired title thereto by user for over twenty years.   It is almost a matter of which Courts

will take judicial notice that the record title of many of the turnpike and railroad companies in this State to the rights of way are defective by reason of the condemnation proceedings being lost. They are, therefore, often compelled to rely upon user, and it is well settled that an uninterrupted user for twenty years will divest the owner of the fee of the bed of the road of all claim. *Elliott on Roads and Streets,* page 123. Now, it appears from the allegations of the bill, that the whole ground west of the appellant's line has been used as a highway for more than twenty years, the fifteen feet immediately adjoining his property having been used as a footway and the other part as a driveway. Therefore the easternmost line of the avenue has been established at the westernmost outline of the appellant's property by user, just as clearly as it is by the deeds under which the appellant claims, and which call for the east side of Charles-street avenue.

The mere fact that the appellee has not macadamized its road to the full width authorized by its charter, does not constitute an abandonment of its right to the full width. *Green* v. *City & Suburban Ry. Co.,* 78 Md. 294; *Peddicord* v. *Balto., &c., Ry. Co.,* 34 Md. 462. Its failure in the past to have the whole of its road in condition for use by the public, does not relieve it of the duty of doing so in the future. *Balto. & Yorktown T. R.* v. *Crowther,* 63 Md. 566. A turnpike company has no legal right to abandon any part of its highway. *Elliott, Roads and Streets,* page 655; *Sapp* v. *Northern Central Ry. Co.,* 51 Md. 115. An attempt to abandon any portion or dedicate any part to private use would be *ultra vires* and void. *Sapp* v. *N. C. Ry. Co., supra.*

It is respectfully submitted that the appellant has entirely misapprehended the doctrine laid down in *Mills on Eminent Domain,* chapter 283, 384. An examination of those sections and of the authorities there cited will show that they have reference only to cases where the proceedings have been instituted and taken on a petition signed by a certain number of taxpayers or citizens for the opening of a road of

a *particular width and particular length,* and they simply hold that the road must be opened as the particular petition required.    They have no application to a case like this, where a turnpike company is authorized by an Act of the Legislature to construct a road of a certain width and between certain points.    For any failure of duty the company is amenable to the State and to the State alone.    This Court has expressly recognized the right of a turnpike company to open only a portion of its road in *Peddicord's case, supra.*

Finally it is submitted that there is no equity or hardship in the appellant's case.    When he constructed his sidewalk and drains, he knew that he was so doing on land that did not belong to him, and he must have known that the land did belong to the Charles-Street Avenue Company, for his deeds expressly call for the east side of that avenue.    For twenty years he has been using the company's property for his individual benefit to a larger extent than his rights as an abutting owner entitled him, and he cannot reasonably complain, if the company now claims its own for the public use.

ROBERTS, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court No. 2, of Baltimore City, sustaining a demurrer to a bill filed by the appellant for the purpose of enjoining the appellees from tearing up, removing or interfering with the sidewalks, drains and trees in front of the property of the appellant on Charles-street avenue in said city.

The material facts as alleged in the bill are as follows : 1. That appellant is a citizen and taxpayer of the city of Baltimore, and the owner in fee of two pieces of ground, formerly in Baltimore County, but now within the limits of Baltimore City, as extended by the Act of 1888, ch. 98, beginning for the first lot at the northeast corner of Charles-street avenue and 28th street and running therefrom northerly, bounding on the east side of Charles-street avenue 400 feet, to the south side of 29th street, with an even depth easterly of 184 feet and 3 inches to Lovegrove alley.    Beginning for the second on the northeast corner of Charles-

street avenue and 29th street, and running thence northerly
on the east side of Charles-street avenue 200 feet, with an
even depth easterly of 184 feet 6 inches to Lovegrove alley.
The first lot was acquired by the appellant from John Sin-
clair, by a deed dated the 2nd day of October, 1874 ; the
second lot was acquired from the Peabody Heights Com-
pany of Baltimore City, by their deeds, dated respectively,
the 21st of March, 1888, the 7th of November, 1889, and
the 1st of October, 1891.   2. That a certain William
Holmes was formerly seized in fee of the said two parcels
of land, and the land adjoining it on all sides, including the
whole of the bed of Charles-street avenue, and being so
seized conveyed the first of the said two parcels to the said
Sinclair, and the second with the other land, to the Peabody
Heights Company, describing the first as beginning at the
corner formed by the intersection of the east side of Charles
street as laid down with the north side of Barnum street
(now 27th street), thence north bounding on the east side
of Charles street, four hundred feet to the south side of
Holmes street (now 28th street), &c., and the second as be-
ginning on the east side of Charles street, at the distance of
four hundred feet northerly from the northeast intersection
of Barnum street and Charles street, and running thence
northerly, bounding on the east side of Charles street one
thousand feet, &c., and thereby dedicated the said Charles-
street avenue as a street for the benefit of the property so
conveyed and now vested in the plaintiff.   That the records
in the office of the Circuit Court for Baltimore County show
that a warrant, return and inquisition as to damages sus-
tained by William Holmes for land for the use of the
Charles-Street Avenue Company was returned to that Court
and the inquisition confirmed by consent on October 6th,
1856.   3. That both of said parcels of ground are im-
proved by dwellings, the one on the first described parcel
having been erected about twenty-five years ago, and that
on the second described in 1888, and have since been con-
tinuously occupied as residences.   That footways or pave-

ments about 15 feet in width, and extending along the entire Charles-street avenue front of said lots, and drains or gutters for the drainage of water from said lots and pavements, have at considerable expense been made by the appellant, and have been since their construction in constant use.    That the margin of said footways have been ornamented by the appellant with numerous shade trees, nearly all of which are upwards of twenty years growth, and gas lamps thereon have been erected by the Mayor and City Council of Baltimore.    4. That the said Charles-Street Avenue Company, the appellee, was incorporated by the General Assembly of Maryland at its session of 1854, chapter 204, passed March 10th, 1854, with power and authority to construct a turnpike road 66 feet wide from the then northern boundary of Charles street, to-wit, from a point between Twenty-third and Twenty-fourth streets to a point on the road known as Powder Mill road, in Baltimore County. That the said company within a year or two thereafter constructed a road of a width varying from twenty to thirty-eight feet only, in the direction indicated by said Act, and nearly all of which has now remained for a period of nearly forty years.    That the width of the said road opposite the property of the appellant did not exceed thirty feet, all of which was outside and beyond the aforesaid footways, drains and trees, which footways, drains and trees were constructed and planted by the appellant without any knowledge of any conflict whatever, with any pretended claims, rights or interests of any kind whatsoever on the part of said appellee company.    5. That the said Charles-Street Avenue Company has acquired but a portion of the land required for its said road, and no part of that constituting the bed of Charles-street avenue, binding on the property of the appellant, either by condemnation, purchase, agreement or otherwise, so far as the land, Court or other records disclose, or so far as the appellant knows, unless the same was acquired by the condemnation referred to in paragraph 2 of the bill.    6. That the said company and Joseph W. Jenkins, Jr., its agent, now

declare their intention to widen said road opposite the property of the appellant, and in some other portions thereof, to a width of 66 feet, and to that end to tear up, remove and destroy the said sidewalks, drains and trees of the appellant, and are about to, and will carry said intentions into effect unless restrained. 7. That the said appellee company has for a period of 40 years failed to avail itself of the franchises granted by said Act of Assembly. That they must be held by their said action to have abandoned any right to construct a road of 66 feet width, especially when the exercise of such a right will inflict irreparable injury upon others who in ignorance of any such right have improved their property. 8. That all of Charles-street avenue, from the southern terminus of said road north of Twenty-fifth street, formerly Huntington avenue, has with the full knowledge and acquiescence of the said company, been improved by the owners of the property bounding thereon with dwellings and sidewalks, and waterways have been laid and constructed, trees planted, and the street between the sidewalk, about forty feet in width paved by them, and the steps giving ingress and egress thereto project beyond the building lines thereof. That some twelve or fifteen houses, with the knowledge and acquiescence of the said company, have also been erected on Charles-street avenue north of Twenty-fifth street, and have been similarly improved with sidewalks, waterways and steps. That the said turnpike road could not now be made of the width of sixty-six feet, as required by the Act of Assembly, without destroying the said sidewalks, waterways, trees and steps. That the removal of the steps would deprive the owners of the only means of ingress and egress from the front, and irreparably injure the same. 9. That as the Act of Assembly aforesaid authorizes the construction of a turnpike of sixty-six feet in width from the Powder Mill road to the then northern boundary of Charles street, only a road of that width from the said northern terminus to the said southern terminus is sanctioned, and any road short of that authorized would not be within the provisions

of the Act, and would in effect be the same as if no Act had ever been passed.    That that portion of Charles-street avenue, between the northernmost intersection of Charles street and Twenty-fifth street, which has been improved as aforesaid, has for many years been wholly abandoned by the company, and it has no intention whatever to assume control over or to widen the same, nor to widen certain other portions, and has, therefore, no right, and should therefore not be allowed to widen the road at any other point.    10. That by virtue of the Act of 1888, chapter 98, whereby the property of the appellant on Charles street has been brought within the limits of Baltimore City, all the streets and sidewalks have been brought under the jurisdiction, control and supervision of the Mayor and City Council of the city of Baltimore, and the said company have, therefore, no right to interfere with the said sidewalks and drains withont the authority of said Mayor and City Council, which authority has not been obtained.    11. That the said improvements made by the appellant and the other owners of said property on Charles street, were made with the full knowledge and acquiescence of the said company, and it is now, therefore, estopped from in any manner interfering therewith.    12. That the appellant, as to the sidewalks, drains, and trees on the property first described, has been in the continuous adverse and uninterrupted enjoyment and possession under claim of title for upwards of twenty years.

In support of the demurrer the appellees assign the following grounds :

1. That the plaintiff has not, by reason of the matters alleged in paragraphs 1, 2 and 3 of said statement of facts, acquired any title or interest in the road of the defendant corporation, except the ordinary interest of an *abutting owner.*

2. That the defendant corporation has not, by reason of the matters stated in paragraphs 4 and 5 of said statement, lost its right to macadamize its road to the full width of sixty-six feet as authorized by its charter.

3. That the proposed action of the defendants, as stated

in paragraph 6 of said statement, will not inflict irreparable injury on the plaintiff, and that for any injury suffered by him the plaintiff has ample remedy at law.

4. That the defendant corporation is and always has been legally unable to abandon its right to a road sixty-six feet wide, as it is alleged to have done in paragraphs 7 and 9 of said statement.

5. That the matters alleged in paragraphs 8 and 11 of said bill do not estop the defendant corporation from widening its said road to the full width authorized by its charter, and the plaintiff has acquired no legal or equitable right by reason of the matters alleged in paragraph 8 of said statement.

6. That the road of the defendant corporation is not a street or highway of Baltimore City, and is not under the control of the Mayor and City Council of Baltimore as alleged in paragraph 10 of said statement, and it is not necessary for the defendant corporation to obtain a permit from the said Mayor and City Council before proceeding to increase the width of the macadamized portion of its road or to dig up the same within the width of sixty-six feet authorized by its said charter.

7. That the plaintiff has not acquired any title or interest in said road, or in any portion thereof, by reason of the matters alleged in paragraph 12 of said statement.

8. That the plaintiff has not stated in his bill, such a case as entitles him to any relief in equity against these defendants.

The appellee having demurred to the whole bill we have thought it proper to state the facts fully as they are set out in the bill. Some of the questions raised by the appeal are of importance. It will not, however, be necessary to treat the grounds of demurrer in detail, as the questions raised by the bill are of a closely analogous character, and can be considered together. The main question on this appeal, around which many minor propositions group themselves, is the omission of the appellant to allege in his bill,

with sufficient legal certainty the failure of title in the appellee company to the bed of Charles-street avenue. By the fifth paragraph of his bill the appellant seeks to plead the failure of title in the appellee company which will be found in the statement of facts hereinbefore set out. This is not to be regarded as the statement of *a fact well pleaded*, nor is it a fact, which the demurrer admits. It is not every statement which finds its way into a bill in equity, that is admitted when the bill is demurred to. The rule is that a demurrer admits the truth of the facts stated, so far as they are relevant and well pleaded, but not conclusions of law or theories of construction drawn therefrom. The allegations of the fifth paragraph seek to raise a question not based upon facts charged, but depending upon surmise and inference, and yet they are facts absolutely essential to the appellant's case, and without which he can have no standing in a Court of Equity.

The appellant claims title by adverse possession to the fifteen feet extending from the line of his dwelling into Charles-street avenue, wherever he has built his pavement, constructed his drains and planted his trees. It is not anywhere charged in the bill that said fifteen feet used as a pavement or footway is covered by or included within the said conveyance to the appellant. The well-settled rule, applicable in Courts of Law and Equity as well, is that he who asserts title must depend not upon the weakness of his adversary's title, but upon the strength of his own. The question of title by adverse possession as applied to a public road or highway, is not a question upon which the authorities in all respects agree. The well-established rule of the common law is, however, that " the common right of way " cannot be lost by the attempted adverse possession of a private individual, and it seems to us that it is such a rule as can be legitimately changed by legislation only, and not by judicial decision. *Elliott on Roads and Streets*, 669 ; *Cross* v. *Mayor of Morristown*, 18 N. J. Eq. 305 ; *Van Witsen* v. *Gutman,* 79 Md. 405. In the case of

*Tainter* v. *Mayor of Morristown*, 19 N. J. Eq. 59 and 60, the Court says: "The possession for over twenty years can avail the complainant nothing. It is well settled that time does not run against the State, or the public, by analogy to the Statute of Limitations against individuals, but only where the State or public are expressly included. This is a wise and wholesome principle that I feel no inclination to disregard or to narrow. To protect highways from encroachments that it is the business of no one to resist, requires that the public be allowed to resume its rights at any distance of time, disregarding any loss to those who have appropriated and erected improvements on the public domain, or to the more innocent purchasers from them." To the same effect is the very learned opinion of C. J. BEASLEY in 18 N. J. Eq. 305, *supra*. We have given careful consideration to the authorities on the subject of adverse possession as sought to be applied in this case, and we entertain no doubt of the correctness of the views expressed by Mr. Elliott in his work on Roads and Streets. Such being the case, the allegation of the appellant's bill fail to make out a valid title by adversary possession to the fifteen feet of ground in controversy here.

There are other questions which have been learnedly discussed at the hearing of this appeal, but which are not necessary to be decided. For the reasons stated we affirm the decree below.

*Decree affirmed, with costs.*

(Decided March 25th, 1896).