BALTIMORE COUNTY HOSPITAL, INC. *v.* MARY-
LAND HOSPITAL SERVICE, INC., Etc.

[No. 223, September Term, 1963.]

*Decided April 27, 1964.*

The cause was argued before HENDERSON, HAMMOND, MARBURY and SYBERT, JJ., and EVANS, J., Associate Judge of the Fifth Judicial Circuit, specially assigned.

*Carville M. Downes* and *Eugene Hettleman* for the appellant.

Submitted on brief by *Hilary W. Gans* and *Joseph T. Brennan, 2d,* for the appellee.

EVANS, J., by special assignment, delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Baltimore County sustaining the demurrer, without leave to amend, and dismissing the Bill of Complaint in which the complainant is seeking an injunction and monetary damages because of certain actions of the respondent alleged to be in restraint of trade. The case having been decided on demurrer, the facts set forth in the Bill of Complaint are deemed to be true for the purposes of this appeal.

Baltimore County Hospital, Inc., hereinafter referred to as "Hospital", is duly licensed as a non-profit institution equipped and staffed to perform certain services chiefly related to con-

valescence, rehabilitation and post operative care. Maryland Hospital Service, Inc., hereinafter referred to as "Blue Cross", is the holder of a franchise for the State of Maryland in the national Blue Cross Plan, and sells hospitalization insurance in Maryland to approximately one third of the entire population of the State.

There are other hospitals in the State, offering the same services as the Hospital, with which Blue Cross has agreements under which it pays for services rendered to its subscribers. The Hospital has offered repeatedly to enter into a similar agreement, but Blue Cross has refused to accept and advises its subscribers that it will not pay for services rendered them by the Hospital. Due to this refusal by Blue Cross, physicians do not refer patients having Blue Cross insurance to the Hospital because of their knowledge that such patients would have to pay their hospital bills from their own funds. As a result, the Hospital is having financial difficulty and may not be able to survive.

As stated above, the Hospital contends that the actions of Blue Cross amount to restraint of trade of a necessary commodity; that, suffering special damages, it is entitled to injunctive relief as well as damages.

Blue Cross contends that, as a private non-profit corporation, it is not required to accept every licensed hospital in the State, but has the right, in its discretion, to select the hospitals with which it enters into contractual relations covering hospital care for its subscribers.

Blue Cross is a private corporation offering a non-profit health service plan to the people of Maryland. As a private corporation has a right to do business in a manner determined by its directors, it has the right to select the hospitals which it accepts as members, and cannot be compelled to accept all hospitals which apply for membership. The powers and duties of the officers of a private corporation are regulated by its charter, constitution and by-laws. This principle was clearly established in the case of *Levin v. Sinai Hospital*, 186 Md. 174. In this case, Dr. Levin, for many years a member of the visiting staff of Sinai Hospital, was notified that he had been dropped from the visiting staff. He brought action to enjoin the hos-

pital from interfering with his asserted right to treat patients at the hospital on the ground that the rules of the medical board were arbitrary, discriminatory, and constituted a restraint of trade. This Court discussed the essential difference between a public and a private corporation, stating at page 178, 180:

"The essential difference between a public and a private corporation has long been recognized at common law. A public corporation is an instrumentality of the state, founded and owned by the state in the public interest, supported by public funds, and governed by managers deriving their authority from the state. Public institutions, such as state, county and city hospitals and asylums, are owned by the public and are devoted chiefly to public purposes. On the other hand, a corporation organized by permission of the Legislature, supported largely by voluntary contributions, and managed by officers and directors who are not representatives of the state or any political subdivision, is a private corporation, although engaged in charitable work or performing duties similar to those of public corporations. *Trustees of Dartmouth College v. Woodward*, 4 Wheat. 518, 4 L. Ed. 629, 667; *Regents of University of Maryland v. Williams*, 9 Gill & J. 365, 388, 31 Am. Dec. 72; *Hughes v. Good Samaritan Hospital*, 289 Ky. 123, 158 S. W. 2d 159. So, a hospital, although operated solely for the benefit of the public and not for profit, is nevertheless a private institution if founded and maintained by a private corporation with authority to elect its own officers and directors. *Washingtonian Home of Chicago v. City of Chicago*, 157 Ill. 414, 41 N. E. 893. * * * A private hospital is not under a common law duty to serve everyone who applies for treatment or permission to serve. In the absence of statute, it may accept some applicants and reject others. Likewise, the directors of a private hospital corporation, having power to appoint members of its medical staff, have the authority to remove them from the staff."

For a Pennsylvania case analogous to the case at bar, see *Weiner v. Hospital Service Plan of Lehigh Valley,* 144 A. 2d 575; also the Texas case of *Group Hospital Service v. Armstrong,* 240 S. W. 2d 418.

There is no contractual relationship between the Hospital and Blue Cross; neither is there any contention in this case that there is any statute requiring Blue Cross to extend its benefit payments to patients at the Hospital.

Blue Cross is not a monopoly. The Court takes judicial notice of the fact that there are many private corporations selling hospitalization insurance in Maryland. The enabling statute for non-profit health service plans authorizes any non-stock corporation to be organized for this purpose. There is no suggestion that Blue Cross is conspiring with any person, company or hospital insurance plan to unlawfully injure the Hospital. Blue Cross is the largest company and dominates the hospital insurance field; however, mere bigness is not a vice. In the case of *Levin v. Sinai Hospital, supra,* the amended bill alleged that the adoption of the rules and regulations of the medical board constituted a combination or conspiracy in restraint of trade, in violation of the Sherman Anti-Trust Act, 15 U.S.C.A. Sections 1-3. Judge Delaplaine, speaking for the Court, said at page 182:

> "The common law doctrines relating to contracts and combinations in restraint of trade or commerce were well understood long before the enactment of the Sherman Act. In enacting this legislation to protect the public more effectively from the growing evils of restraints on the competitive system, Congress accepted the common law concept of illegal restraint of trade or commerce. *Apex Hosiery Co. v. Leader,* 310 U. S. 469, 60 S. Ct. 982, 994, 84 L. Ed. 1311, 128 A. L. R. 1044. Section 1 of the Act makes illegal every contract, combination or conspiracy in restraint of trade or commerce among the several states; Section 2 makes illegal every combination or conspiracy which monopolizes or attempts to monopolize any part of that trade or commerce; Section 3 makes illegal every con-

tract, combination or conspiracy in restraint of trade or commerce in the territories and in the District of Columbia. Article 41 of the Maryland Declaration of Rights provides: 'That monopolies are odious, contrary to the spirit of a free government and the principles of commerce, and ought not to be suffered.' A monopoly within the prohibition of our Declaration of Rights, is a privilege or power to command and control traffic in some commodity, or the operation of a trade or business to the exclusion of others, who otherwise would be at liberty to engage therein, necessarily implying the suppression of competition, and ordinarily causing a restraint of that freedom to engage in trade or commerce which the citizen enjoys by common right."

See also *Glass v. Doctors Hospital,* 213 Md. 44, 61-62.

Blue Cross has not combined with or conspired with anyone to interfere with, restrain or prevent the Hospital from carrying on its business, although it is true that the Hospital has suffered economically by not being accepted as a member hospital. However, Blue Cross, being a private corporation, has the right to contract with whom it pleases. Its action cannot be construed as a restraint of trade, and this is assuming that hospitals are engaged in a trade.

The order of the lower court will be affirmed.

> *Order affirmed. The appellant to pay costs.*