## People, etc., ex rel. P. S. Replogle, v. The Julia F. Burnham Hospital.

## P. S. Replogle v. Same.

1. CORPORATIONS—*Power of Directors to Adopt By-laws.*—Where the petition upon which letters of incorporation are issued commit to a board of directors the management and control of a hospital to be maintained by the corporation, and no restrictions on the power of the board appear, they must be deemed empowered to adopt any regulation for the government of the hospital which is reasonable and consistent with the general purposes of the corporation.

2. SAME—*A By-law Held Reasonable and Within the Power of the Directors.*—The board of directors of an incorporated hospital adopted a by-law reciting that certain medical societies had adopted codes of medical ethics as nearly identical as possible and uniform in scope and arrangement, and providing that only physicians who comply with the codes of such associations should practice in the hospital. *Held,* that the by-law was reasonable and within the power of the directors to adopt.

3. CHARITIES—*Who May Complain as to Management of.*— A physician, whose only interest in the government of a hospital is the hope of gains and profits to arise from the practice of his profession therein is not a beneficiary of the trust, and has no standing in a court of law or equity to complain that the government of the hospital is such as to deprive him of profit that he might receive if other rules or modes were adopted for the management of the charity.

**Mandamus and Bill for Relief.**—Appeals from the Circuit Court of Champaign County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed June 16, 1897.

J. L. RAY, attorney for appellant.

GERE & PHILBRICK and WOLFE & SAVAGE, attorneys for appellee.

OPINION PER CURIAM.

The first of these cases was a bill in chancery filed by the appellant, alleging that he was a physician and surgeon regularly licensed under the laws of the State to practice his

profession, and that the directors of the appellee hospital had refused to admit him to practice in the hospital, and praying the court should by its decree order the directors to permit him to visit and treat professionally patients in the hospital.

The second case was a petition for a writ ·of mandamus, to require the directors to admit the petitioner to practice as a physician in the hospital.

The court upon a hearing held the appellant was not entitled to the relief prayed in either form of proceeding, and petitioner has appealed.

It appeared upon the hearing a large majority of the regularly licensed practicing physicians in the city and county of Champaign, wherein the hospital is located, regarded the appellant as guilty of unprofessional and discreditable conduct in the practice of medicine and surgery, and notified the directors they would not send patients to, or practice their profession in the hospital if appellant was admitted to treat patients there.

The board of directors thereupon adopted the following by-law:

"Section 1. The American Medical Association, the American Institute of Homeopathy, the Illinois Homeopathic Medical Association, and the State Electric Medical and Surgical Society, and the Illinois State Medical Society, have adopted a code of medical ethics as nearly identical as possible and uniform in scope and arrangement. Only those physicians who comply with the code of these associations may practice in the hospital."

The codes of professional ethics adopted by the various associations and societies named in the by-laws do not differ in substance.

The code of the American Medical Association is as follows:

4. It is derogatory to the dignity of the profession to resort to public advertisements or private cards or handbills, inviting the attention of individuals affected with any particular disease, publicly offering advice and medicine to

the poor gratis, and promising radical cures, or publishing cases and operations in the daily prints, or suffering such publications to be made; to invite laymen to be present at operations; to boast of cures and remedies; to adduce certificates of skill and success, or other similar acts. These are the ordinary practice of empirics, and are highly reprehensible in the regular physician.

The rule is stated by the American Institute of Homeopathy as follows :

3. Physicians should not resort to public advertising or private cards or handbills inviting the attention of persons affected by a particular disease, or publicly offer advice or medicine to the poor gratis, or promise radical cures, or publish cures or operations in the daily prints, or invite laymen to be present at operations or solicit or exhibit certificates of skill and success.

4. Equally derogatory to professional character to hold a patent for any nostrum or surgical instrument, or keep secret the nature or composition of medicine used by him.

It appeared from the proofs, appellant, in order to obtain patronage, resorted to public advertising, and printed handbills or circulars wherein he promised radical and wonderful cures, and boasted of his superior medical knowledge, skill and success; invited persons affected with diseases to employ him; set forth certificates showing that extraordinary success attended his treatment in many different cases, and proffered to examine patients and give medical advice without charge. It appeared also that in many instances he exacted notes from his patients in advance of rendering service to them, and in such notes inserted a clause to the effect that the consideration of the instrument was for the "wages of a laborer." It appeared also the appellant, in the newspapers and by way of circulars, advertised as an incorporated "Medical and Surgical Institute and Sanitarium," having a president and secretary, when in fact there was no such corporate company.

These practices and devices of the appellant were in flagrant disregard of the standard of professional conduct

adopted by the association and societies of the learned and honorable profession of which he was a member, and are regarded by the great body of physicians and surgeons as unprofessional and discreditable, if not disreputable.

The false assumption of corporate existence, with the powers and paid privileges resulting from a corporation for the purpose of soliciting business, is a positive violation of the criminal statutes of the State, and is punishable by the infliction of a fine.

Criminal Code, Sec. 220.

For such reasons the greater number of physicians and surgeons in the city and county wherein the hospital was located, as a mark of their condemnation of the conduct of appellant, and with the view of purging their ranks of the presence of one who had no regard for the dignity or standing of their honorable calling, determined they would not recognize him as worthy of association of reputable practitioners.

They so notified the directors of the hospital, and the directors were confronted with the question whether the sick and afflicted in their care, or who should come to the institution for relief, should have the benefit of the attention, experience, skill and learning of the great body of physicians and surgeons, or be committed wholly to the hands of the appellant.

The hospital had its existence for the purposes of extending relief to the sick and afflicted and of relieving their pain and suffering

The appellee hospital is a corporation organized under the general laws of the State. The petition upon which letters of incorporation were issued committed the management and control of the hospital to the board of directors, and we find nothing in the record restrictive of the powers of the board. They therefore must be deemed empowered to adopt any regulation for the government of the hospital which is reasonable and consistent with the general purposes of the corporation.

We think it was fully within their power to adopt the

by-law in question and to enforce it. Under the by-law the appellant, in order to obtain admission to the hospital as a physician, had but to abandon practices which the common judgment of his professional brethren branded as discreditable, and which are so commonly resorted to by quacks and charlatans.

The requirement of the by-law was reasonable and within the power of the directors to adopt, and we think entirely right and proper.

The decree complained of may also be upheld from other considerations.

The contention does not involve any property right belonging to the trust, but only a question of the proper exercise of the governing power of the directors.

Only those who have an interest in the government of the trust are entitled to involve the directors in litigation because of alleged misgovernment. The appellant was not a contributor to the fund by which the hospital was established; nor has he contributed to provide a fund to maintain it. The beneficiaries of the hospital are those unfortunates for whose relief and comfort it was established.

A physician, whose only interest in the government of the hospital is the hope of gains and profits to arise from the practice of his profession therein, is not a beneficiary of the trust, and has no standing in a court of law or equity to complain that the government is such that he does not profit from its existence, as he might if other rules or modes were adopted for the management of the charity. 27 American & Eng. Ency. of Law 278.

The decree and the judgment must be and are affirmed.