STATE EX REL. WOLF and another, Appellants, vs. LA CROSSE LUTHERAN HOSPITAL ASSOCIATION, Respondent.

*May 2—June 5, 1923.*

*Mandamus: To reinstate physician in hospital: Powers of directors: Of attending staff.*

1. Duties imposed upon corporations, not by virtue of express law or by the terms of their charter but arising out of contractual relations, will not be enforced by *mandamus*.
2. Although the constitution and by-laws of an attending staff of physicians and surgeons of a hospital provided that a member might be expelled for unprofessional and unethical conduct or for violation of the rules of the staff; that any member against whom charges have been preferred should be notified so as to afford him opportunity of appearing before the attending staff and board of directors in his own defense before final action is taken; and that a three-fourths vote of the staff was necessary to recommend expulsion, the staff could only recommend the expulsion of a member, and the board of directors could expel without any recommendation from the staff where that was a power lodged with them by the articles of incorporation and probably one which they could not delegate.

State ex rel. Wolf v. La Crosse L. H. Asso. 181 Wis. 33.

3. The power to manage the affairs of a corporation such as a hospital, incorporated under ch. 86, Stats. 1898, includes the power to exclude physicians from the privilege of practicing therein; and if the exercise of this power constitutes a breach of contractual relations, the rights of the other party must be enforced in a proceeding to recover damages or to enforce specific performance. *Mandamus* will not lie in such case.

APPEAL from a judgment of the circuit court for La Crosse county: CHESTER A. FOWLER, Judge. *Affirmed.*

This is a *mandamus* action brought by plaintiffs, who are copartners engaged in the practice of medicine and surgery at La Crosse, to compel their reinstatement as members of the medical staff of the defendant hospital association.

The petition states that the defendant was incorporated in October, 1899, under the provisions of ch. 86 of the Statutes, without capital stock, to conduct, promote, pursue, and maintain the establishment and maintenance of a hospital situated in the city of La Crosse for the benefit of the sick, infirm, and aged; that its hospital was built and equipped, in part, by voluntary subscriptions, and has been maintained ever since, in part, by voluntary subscriptions; that during all the time the petitioners practiced their profession each has enjoyed the privileges of said hospital and complied with all the rules and regulations prescribed by said corporation; that on or about the 1st day of September, 1919, the said hospital association, in conformity with the movement indicated by the American College of Surgeons to standardize hospital service and secure medical and surgical standards, and by virtue of the authority in them vested by the articles of incorporation of said *La Crosse Lutheran Hospital Association,* formed and created an organization known as the Attending Staff of the *La Crosse Lutheran Hospital Association,* and thereupon duly and regularly adopted a constitution and by-laws for the government of said attending staff. The constitution and by-laws declared that the La Crosse Lutheran Hospital has formed, through its board of directors, an organization known as the Attending Staff of the La

Crosse Lutheran Hospital, consisting of eight members, including petitioners; that the purpose of the organization shall be to secure and maintain high medical and surgical standards; to encourage the spirit of co-operation among the members of the attending staff and the hospital, thus securing the maximum welfare of the patients, aiding the scientific advancement of its members as well as the internes and nurses coming under its influence. It was provided that vacancies shall be filled and additional appointments shall be made by the board of directors on recommendation by the attending staff; that the attending staff shall hold monthly meetings at the hospital for the scientific discussion of records and cases under treatment, and such other matters as may properly come before this body in the interest of the hospital. All members of the attending staff were required to subscribe to the following declarations:

"I hereby promise, upon my honor as a gentleman, that I shall not, as long as I am permitted to practice in the La Crosse Lutheran Hospital, practice division of fees in any form; neither collecting fees for others referring patients to me nor permitting them to collect fees for me; nor will I make joint fees with physicians and surgeons referring patients to me for operation or consultation; nor will I directly or indirectly compensate any one referring patients to me; nor will I knowingly permit any agent or associate to do so."

Comprehensive rules were prescribed for the government of the attending staff, among which were the following:

"4. Unprofessional and unethical conduct and violation of the rules of this staff shall constitute a cause for expulsion. Any member against whom charges have been preferred shall be notified of such charges, and shall have the opportunity of appearing before the attending staff and the board of directors in joint meetings in his own defense before final action shall be taken.

"5. Three-fourths vote of the staff shall be necessary to recommend expulsion of a member."

It was also provided that the constitution and by-laws

may be adopted, amended, or repealed by three-fourths vote at the annual meeting, or at any other meeting upon notice of the proposed change to all members, or without notice by unanimous vote of all members present.

Petitioners then alleged strict compliance with the constitution and by-laws established for the government of the attending staff; that no charge of unprofessional conduct was ever preferred against them, and that they were never expelled as members of said general staff, and that they continued to practice medicine and surgery in said general hospital until the 19th day of October, 1921; that on said date they made application to said hospital for the admission of a patient whom they were called upon and employed to treat, and that the said hospital association denied the patient admittance to said hospital, the superintendent of said hospital stating that the governing board thereof had decided that the petitioners were not to be permitted to longer practice in said hospital, and that any patients they presented for treatment would be denied the privileges of said hospital unless said patients would be sent to be treated by Dr. Adolph Gunderson and the members of his firm, and that at all times thereafter petitioners have been denied the privilege of practicing their profession therein, and that no reason has been given by said hospital association for such denial. Petitioners pray that a writ of *mandamus* issue commanding said *La Crosse Lutheran Hospital Association,* its officers, directors, and governing board, forthwith to require the directors and trustees of said *La Crosse Lutheran Hospital Association* to permit your petitioners, as physicians and surgeons, to enjoy the privileges of said hospital, to permit them to take their patients to said hospital, to visit and treat professionally their patients therein, and generally to practice their profession as physicians and surgeons in said hospital. An alternative writ issued, which upon motion of the defendant was quashed. This appeal is from the order quashing the writ.

For the appellants there was a brief by *George H. Gordon, Law & Gordon* of La Crosse, and oral argument by *George H. Gordon.*

For the respondent there was a brief by *Jesse E. Higbee,* of counsel, and *Twesme & Weber,* attorneys, all of La Crosse, and oral argument by *Mr. Higbee.*

OWEN, J.   The allegations of the petition fail to reveal any right on the part of the petitioners which may be enforced by *mandamus*.   The defendant is a private corporation.   According to the allegations of the petition, its articles of incorporation provide that the board of directors or trustees thereof have the control and management of its affairs and have power to adopt and enforce reasonable rules, regulations, and by-laws to that end.   Presumably no one has any voice in the control of the affairs of the corporation except the members thereof.   The petitioners are seeking to enforce no right which accrues to them as officers or members of the corporation.   Their right to practice their profession therein is subject to the license or consent of the board of directors.   If they have the right to continue that practice indefinitely, it must be due to some contractual relations established between them and the hospital association.   It is well settled that duties imposed upon corporations not by virtue of express law or by the terms of their charter but arising out of contract relations will not be enforced by *mandamus*.   *State ex rel. Burg v. Milwaukee Medical College,* 128 Wis. 7, 106 N. W. 116, and cases there cited.

Petitioners seem to place considerable reliance upon the constitution and by-laws established for the government of the attending staff, and especially the provision requiring that "Unprofessional and unethical conduct and violation of the rules of this staff shall constitute a cause for expulsion. Any member against whom charges have been preferred shall be notified of such charges, and shall have the opportunity of appearing before the attending staff and the board

of directors in joint meetings in his own defense before final action shall be taken.    Three-fourths vote of the staff shall be necessary to recommend expulsion of a member." These by-laws do not in any manner operate to deprive the board of directors of their power to exclude physicians from practicing in the hospital.    They merely operate to give to the members of the attending staff a voice in the matter and to clothe them with advisory powers only.    The provision is that "three-fourths vote of the staff shall be necessary to recommend expulsion of a member."    The staff may not expel, they may recommend.    If they do recommend, the directors may still do as they please about expelling the member, and the board of directors may expel a member without any recommendation from the staff.    This is a power lodged in them by the articles of incorporation, and probably one which they could not delegate if they would. The result of petitioners' contentions would be to place it within the power of those originally constituting the attending staff to determine who should not practice in the hospital—a rather important part of the management of the hospital association.    We cannot ascribe to the constitution and by-laws established for the government of the attending staff any such effect.    The power to manage the affairs of the corporation includes the power to exclude physicians from the privilege of practicing therein.    If the exercise of this power constitutes a breach of contractual relations, the rights of the other party must be enforced in a proceeding to recover damages or to enforce specific performance.    *Mandamus* will not lie.    In Comb. Rep. (K. B.) 41, a *mandamus* to restore a surgeon to a hospital was denied by the court of king's bench "because it is not in the power of the court nor is it a public office."    The writ was denied for a like purpose in *People ex rel. Replogle v. Julia F. Burnham Hospital,* 71 Ill. App. 246.

*By the Court.*—Judgment affirmed.