BENJAMIN VAN CAMPEN, Respondent, *v.* OLEAN GENERAL HOSPITAL, Appellant.

Fourth Department, July 1, 1924.

Corporations — membership corporations — action by physician to compel hospital to permit him to use its property — defendant is membership corporation supported in part by fees and part by endowment and gifts — defendant is not public corporation — plaintiff member of corporation was dropped from visiting staff after dispute and denied right to use hospital thereafter for new patients — board of directors had power to drop plaintiff without hearing — courts will not interfere with internal management of corporation except for fraud, etc.— private hospital corporation not required to serve every one — not discrimination to drop plaintiff.

A membership corporation conducting a hospital which is supported in part by the fees paid by patients and in part by endowments and gifts, is not a public corporation and the fact that it is engaged in charitable work for the benefit

of the public and is thereby affected with a public interest does not make it a public corporation.

The plaintiff, a practicing physician, who was dropped from the visiting staff of the defendant hospital by its board of directors without a hearing after a dispute between the plaintiff and the defendant and denied the privilege of treating patients in the hospital, is not entitled to compel the hospital to permit him to use its property, for the board of directors of the hospital were not required by law or by any of their by-laws to grant the plaintiff a hearing before removal as a member of the visiting staff, and they had the power in the conduct of the business of the corporation to drop the plaintiff and deny him any further privileges in the hospital and, furthermore, the courts will not interfere with the internal management of a membership corporation in the absence of fraud or bad faith, so long as the corporation keeps within its powers.

The law does not require a hospital corporation to furnish its services and accommodations to every one who applies, whether patient or physician, but it may select its patients and likewise it may determine what physicians shall be allowed to use its property in their practice and, therefore, there was no discrimination practiced by the defendant when it dropped the plaintiff from its visiting staff, since it did what it had the absolute right to do.

APPEAL by the defendant, Olean General Hospital, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Cattaraugus on the 22d day of April, 1924, upon the decision of the court rendered after a trial at the Cattaraugus Special Term.

*James P. Quigley* and *Allen J. Hastings*, for the appellant.

*P. S. Collins*, for the respondent.

DAVIS, J.:

The defendant is a membership corporation maintaining a hospital in the city of Olean. Its income is derived in part from amounts paid by patients (these being inadequate) and by endowments and gifts from people charitably inclined. Its affairs are managed by a board of directors.

The plaintiff is a physician residing and practicing in the city of Olean, and a member of the corporation. For a time he was on the visiting staff of the hospital. On December 19, 1923, he received notice that by action of the board of directors he was dropped from the visiting staff, with the privilege of treating his patients then in the hospital.

He brings this action, alleging that the defendant is a public corporation; that it was badly managed in relation to the treatment of patients therein, and that he complained and obtained no satisfaction; that he was dropped from the staff by " arbitrary and confiscatory action," thereby depriving him of " the right to use defendant's hospital and debarring plaintiff and patients treated by

him of using said hospital." This he says injured him in his prac-
tice and he has suffered irreparable damage. He asked equitable
relief including an injunction, which he obtained on the trial.

It may be well to state what issues are not involved so that there
may be no attempt to decide questions not presented. The plaintiff
makes no claim that he has been unjustly deprived of his member-
ship in the corporation, and, therefore, entitled to relief. (*People
ex rel. Deverell* v. *M. M. P. Union,* 118 N. Y. 101; *People ex rel.
Johnson* v. *New York Produce Exchange,* 149 id. 401.) It does
not appear that he is deprived of his right as a general invitee
to call upon friends ill in the hospital, or to visit a patient already
there who asks for his attendance professionally, either alone or
in consultation. Nor is it claimed that he is entitled to the aid
of the court under its visitorial powers, for there is no complaint
concerning the financial affairs of defendant. (Membership Corp.
Law, § 16; *Matter of Norton,* 97 Misc. Rep. 289; 168 App.
Div. 385.) He does not seek relief in equity because of fraud,
corruption in office or mismanagement, resulting in deterioration
or waste of the property whereby all members of the corporation
are injured. He seeks relief from what he claims is an interference
with his individual property rights — his right to practice as a
member of the staff in the hospital for compensation. To state
it plainly, his claim is that he has been deprived of the right to use
in his business the property of another, this defendant.

The learned trial court has found and the judgment declares
that the defendant is a public corporation. With due deference
we cannot take that view. Public corporations are the instru-
mentalities of the State, founded and owned by it in the public
interest, supported by public funds and governed by managers
deriving their authority from the State. (*Dartmouth College* v.
*Woodward,* 4 Wheat. 518, 669; *Regents of University of Maryland* v.
*Williams,* 9 G. & J. [Md.] 365; Bouvier's Law Dict. [Rawle's Third
Rev.] 683; 14 C. J. 72, 73.)

There are many public institutions in this State devoted to
the care of afflicted and unfortunate people. They may be con-
ducted directly by the State or they might be made by statute
corporate bodies, like school trustees or boards of education.
(Education Law, §§ 270, 300.) Hospitals may be established by
certain municipalities. These are public hospitals. (Gen. Mun.
Law, § 126, added by Laws of 1910, chap. 558, as amd. by Laws of
1922, chap. 265; County Law, § 45, added by Laws of 1909, chap.
341, as amd. by Laws of 1915, chap. 427; Laws of 1918, chap. 268;
Laws of 1920, chap. 834, and Laws of 1921, chap. 510.) Corpora-
tions organized by permission of the Legislature undertake to per-

form similar duties. They are supported mainly through voluntary gifts. These are private corporations. That they are engaged in charitable work for the benefit of the public and thereby affected with a public interest, does not make them public corporations. (*Dartmouth College* v. *Woodward, supra;* Fletcher Corp. § 72.) The fact that they may receive a donation from the government to enable them to carry on their work, or funds from a city or county to care for sick and disabled indigent persons (Poor Law, § 30, as amd. by Laws of 1921, chap. 248) does not affect their character as private institutions. (*Trustees for Vincennes University* v. *State of Indiana,* 14 How. [U. S.] 268, 276.)

Defendant is a non-stock corporation, its organization made possible by an act of the Legislature (Gen. Corp. Law, § 2; Membership Corp. Law, § 130) which determines the manner of electing its directors and provides a method of a new election. (Membership Corp. Law, § 10; Gen. Corp. Law, § 32.) Its affairs are in many respects regulated by statute. Its incorporation was originally contingent upon the written approval of the State Board of Charities and of a justice of the Supreme Court of the district. (Membership Corp. Law, § 130.) Its directors and officers may receive no pay except under certain circumstances. (Id. § 12.) It is subject to visitation, inspection and supervision by the State Board of Charities. (State Charities Law, § 10.)

While such a corporation is exempt from liability for negligence to patients (*Schloendorff* v. *New York Hospital,* 211 N. Y. 125) and is granted exemption from taxation (Tax Law, § 4, subd. 7, as amd. by Laws of 1921, chap. 446),* these facts do not indicate that the corporation is public. Exemption from taxation is given by the Legislature to many corporations and individuals as a matter of public policy.

We must then consider whether the plaintiff had any vested right to use the property of this private corporation for his own gain; and whether a court of equity has jurisdiction to intervene so far in the management of the hospital that it may give plaintiff redress for what he claims were arbitrary and capricious acts of the directors.

It is unnecessary to recite the differences between plaintiff and those in active charge of the hospital. The trial justice aptly described them as "petty." Chiefly they involved complaints made by patients, repeated to the superintendent by plaintiff, with others of his own, which he says were received with impatience. Whether these complaints were well founded or not it is unnecessary

* Since amd. by Laws of 1924, chap. 489.— [Rep.

to consider. That complaints of mismanagement and neglect will always be made in such institutions is inevitable. There were counter complaints that plaintiff did not comply with the rules and regulations adopted for the hospital management. Evidently the directors eventually came to regard plaintiff as a disturber of the harmony of the institution. The notification of his being dropped from the visiting staff followed.

Just what is meant by the " visiting staff " is not entirely clear. Portions of the by-laws are printed in the record. One states that " the medical staff shall be composed of resident practicing physicians and surgeons of Cattaraugus County " who are members of the hospital. It does not say the staff shall include *all* such physicians and surgeons. Another by-law provides that if the board of directors shall determine that the character, conduct or acts of any member of the medical staff are such as to interfere with the orderly conduct of the hospital, the board may by resolution remove or suspend him.

There is no provision in the by-laws for a hearing prior to removal or suspension. We think none is required. The selection and retention of physicians to treat patients admitted to the hospital are matters of judgment and discipline. The power to appoint usually implies the authority to remove. (*People ex rel. Cline* v. *Robb*, 126 N. Y. 180; *State ex rel. Wolf* v. *La Crosse L. H. Asso.*, 181 Wis. 33; 193 N. W. Rep. 994.) In common experience instances are not unusual where some physician disagrees with hospital management. When such disagreement becomes so pronounced as to interfere with orderly management and discipline, and when there is persistent violation and disobedience of necessary rules and regulations, we think the directors may bring the inharmonious conditions to an end by summary action. They are not required, in our judgment, to give notice and conduct a trial in every such case. Public-spirited citizens, usually having business of their own, who act as directors without pay, having many duties relative to finance and management, would no doubt find their time fully occupied if the duty of holding trials on all sorts of complaints was superadded. If in every detail of management involving the relation of the hospital with the physician and patient, they have no power of final decision but must be guided and directed by orders and judgments of the court therein, then their duties are little more than perfunctory.

The management of such corporations is given by law to the board of directors. (Gen. Corp. Law, § 34, as amd. by Laws of 1917, chap. 538, and Laws of 1923, chap. 732.) It is a power delegated by the Legislature. (*Beveridge* **v.** *New York E. R. R. Co.*,

112 N. Y. 1.) The authority of the directors of membership corporations to deal with property is restricted. (Membership Corp. Law, § 13, as amd. by Laws of 1915, chap. 154; Gen. Corp. Law, art. 4.) Otherwise, their duties are similar to those of directors of other corporations and similar principles apply.

To protect the property of a corporation, courts will interfere, but only when corporate powers have been illegally or unconscientiously executed by the board of directors. (*Leslie* v. *Lorillard*, 110 N. Y. 519; *Burden* v. *Burden*, 159 id. 287.) Directors hold office charged with the duty to act for the corporation according to their best judgment, and they cannot be controlled in the reasonable exercise and performance of such duty. (*Manson* v. *Curtis*, 223 N. Y. 313.) They have wide discretion in determining policies, and its exercise in a given matter is not subject to review by the court unless there is clearly error in the performance of a legal duty. (*Hentz* v. *Long Island R. R. Co.*, 13 Barb. 646; *Post* v. *Buck's Stove & Range Co.*, 200 Fed. Rep. 918.) Equity will not attempt to correct errors of judgment (*Leslie* v. *Lorillard, supra*), for courts have nothing to do with the internal management of corporations in the absence of fraud or bad faith, if kept within corporate powers. (*Schwab* v. *Potter Co.*, 194 N. Y. 409.)

The law does not require a corporation like defendant to furnish its services and accommodations to every one who applies, whether patient or physician. There can be no absolute right in individuals to claim the benefit of its privileges. Such a thing would be impossible. There must be discretion vested in the management to make selection from applicants with regard to accommodations available. It may reject one who has some trival ailment, and accept another whose needs are greater. This is not illegal discrimination depriving a person of his rights; nor do we deem it such discrimination if from a large number of physicians it selects members of its visiting staff with regard not only to their medical skill, but to their adaptability to the rules and discipline of the institution. (*Harris* v. *Thomas*, 217 S. W. Rep. 1068; 30 C. J. 463.) Even in public hospitals, the same rule in the selection of patients and physicians must apply, for the only inhibition by statute against discrimination we have discovered is that relative to students in incorporated medical colleges. (Public Health Law, § 333.) In at least one public hospital certain patients are by law excluded. (State Charities Law, § 130, as amd. by Laws of 1923, chap. 367.) Those having charge of an ambulance system, supported in whole or in part at public expense, may not refuse a call to take a sick or injured person to a hospital. (Gen. Mun. Law, § 122.)

14

Directors must perform their duties honestly and conscientiously. The courts are given by statute jurisdiction in cases of their misconduct. (Gen. Corp. Law, §§ 90, 91.) This is not such action.

The usual remedy for persons dissatisfied with the internal management of corporate affairs is to elect a new board of directors. (*McMullen* v. *Ritchie*, 64 Fed. Rep. 253, 263; modified on other grounds, *Ritchie.* v. *McMullen*, 79 id. 522.) If the acts of the directors are · generally regarded as arbitrary and unjust, contributions, without which the hospital cannot operate, will be withheld; and public opinion, the most potent regulator of public affairs, will furnish the remedy. A court of equity may interfere to restrain the improper use of the property of a non-stock corporation (*Fiske* v. *Beaty*, 206 App. Div. 349, 357; affd., 238 N. Y. 598) but not, we think, to give its use to a person like plaintiff under the facts presented here. (*People ex rel. Repogle* v. *Burnham Hospital*, 71 Ill. App. 246.)

The conclusions of law should be disapproved, additional findings of fact made, the judgment reversed on the law and the facts, with costs, and the complaint dismissed, with costs.

All concur; HUBBS, P. J., not sitting.

Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs. All the conclusions of law contained in the decision are disapproved. Defendant's requested findings of fact Nos. 8, 9 and 12 are found and also the following additional finding of fact: That differences arose between plaintiff and the persons in charge of defendant's hospital prior to December 19,. 1923, and that plaintiff made complaints against the management of the hospital in certain respects and the hospital authorities made complaint against plaintiff in respect to his failure to obey the rules and regulations of the hospital and that such disagreements tended to and did interfere with the harmony, discipline and orderly conduct and management of said hospital.