333 P.2d 611

**Levon A. AKOPIANTZ, Plaintiff-Appellant,**

**v.**

**BOARD OF COUNTY COMMISSIONERS OF OTERO COUNTY, New Mexico, W. F. Gage, Ralph Morgan, Eddie Abeyta; Board of Trustees of Otero County Hospital Association, a non-profit corporation, Dr. Ernest T. Faigle, Robert W. Hamilton, Opal Haynes, Dan W. King, Mose Cauthen, and Lyle Bishop, Defendants-Appellees.**

No. 6419.

Supreme Court of New Mexico.

Oct. 28, 1958.

Rehearing Denied Jan. 14, 1959.

Moise, Sutin & Jones, Albuquerque, for appellant.

Shipley & Seller, Lalo Garza, Asst. Dist. Atty., Alamogordo, for appellees.

COMPTON, Justice.

Appellant, plaintiff below, appeals from a judgment denying him medical and surgical staff privileges in Gerald Champion Memorial Hospital at Alamogordo.

The decisive question is whether the hospital presently is a public or private hospital. Appellant concedes that if it is a private hospital, he cannot prevail. Our own statutes, §§ 15–48–1 and 15–48–5, 1953 Comp., New Mexico Statutes Annotated, direct us to the correct answer. The sections read:

"15–48–1. Power of counties to construct, purchase and operate hospitals.—All counties shall have the power to construct, purchase, own, maintain and operate hospitals, including isolation wards, and to purchase the necessary land therefor."

"15–48–5. Power to lease hospitals. —All counties shall have the power to authorize the leasing or operating of such hospitals and isolation wards to persons, firms, organizations, or corporations upon such terms and conditions as the board of county commissioners may determine."

Appellee, Otero County Hospital Association, is a private corporation. It was organized for the specific purpose of operating and maintaining a hospital in Otero County, yet the county had no hospital at the time of its organization. Therefore, the construction and equipment of a hospital became a joint undertaking which was accomplished at a cost of $225,000.00. Appellee, Otero County Hospital Association, contributed thereto $108,000.00; $50,000.00 was raised from a county bond issue, and the remainder was made available by grant of Federal funds under the provisions of the Hill-Burton Act, 42 U.S.C.A. § 291 et seq. It was constructed on land owned by Otero County.

Appellee, Board of County Commissioners, did not assume the task of operating the hospital itself but instead took advantage of the lease provision of the Act and leased it to the Otero County Hospital Association for a term of 5 years for a consideration of one dollar. Later, it was renewed for a like period. It has at all times been operated exclusively by the Association under the terms of the lease, the salient provisions of which are: Maintenance and operation by the Association without cost to the county; cancellation of the lease by either party upon 30 days written notice; operation for the benefit of all residents of Otero County, regardless of race or religion; annual accountings to the Board of County Commissioners; that all monies in excess of actual operating expenses to be converted into a reserve fund for repairs and improvements.

In May, 1957, appellant informed appellee Association that he contemplated opening an office for the practice of medicine and surgery in Alamogordo, and applied for membership on its medical staff. For reasons satisfactory to the Association, the application was not immediately granted, nevertheless, he was granted the temporary privilege of using the hospital facilities.

While it is unnecessary to recite in detail the differences between appellant and those in charge of the hospital, we will give a brief review. Shortly after appellant had been extended the privilege just mentioned, friction and controversies arose between him and the superintendent, the nurses, and certain members of the staff in the conduct of the hospital. Despite all efforts by the Association to compose these differences, the situation worsened, culminating with an incident in July, 1957. There is testimony that on the occasion mentioned, appellant, in a belligerent manner, shook his finger in the face of the superintendent and demanded she provide him with an assistant anesthetist, when he should have known she could not do so at the moment. When the matter was called to the attention of the Association, the appellant, the superintendent, and the nurses were called before its Board of Trustees for an informal hearing. Following the hearing, the Board recessed until all of its members could be present and participate in its deliberations.

The Board reconvened August 5, 1957, and after further consideration, passed a resolution suspending the privileges previously granted appellant. Appellant then brought this action to enjoin the Association from carrying out its order. At a hearing on the merits, the trial court found that the hospital was a private hospital and the use of its facilities by appellant was permissive only. Accordingly, judgment was entered dismissing the action, and this appeal followed.

The ruling of the court must be sustained. The Board of County Commissioners was empowered either to operate the hospital at public expense or to avail itself of the lease method. In the exercise of its discretion, it chose the latter. The Association was thereby invested with exclusive right of control and management. Its operation under the lease by such private corporation determines its status. Thusly, its status became that of a private hospital, notwithstanding ownership by the County of Otero. Levin v. Sinai Hospital, 186 Md. 174, 46 A.2d 298; Van Campen v. Olean General Hospital, 210 App.Div. 204, 205 N.Y.S. 554; Id., 239 N.Y. 615, 147 N.E. 219.

The judgment should be affirmed. It is so ordered.

LUJAN, C. J., and SADLER, McGHEE and SHILLINGLAW, JJ., concur.