Fred J. Murder, J.
The plaintiff, a physician, seeks to recover damages for the withdrawal of his obstetrical privileges as a member of the staff of the defendant hospital, and a decree directing his reinstatement to the staff with those same privileges. His action is predicated (1) on the breach of an alleged contract between the medical staff and the Southside Hospital of which he is a third-party beneficiary; and (2) on the breach of an alleged contract between himself and the hospital. In each case the breach alleged consists of the withdrawal of his privileges without any charges of misconduct having been preferred against him, and without having been given notice of a hearing and the right to be heard in his own defense. The defendants deny any contractual relationship such as that alleged in either cause of action.
The plaintiff had been appointed by the defendant hospital, a membership corporation, to its “ courtesy staff ” for the year 1956. He had been so appointed each year since 1952. In August of 1956, he was notified by the director of the hospital that his obstetrical privileges had been withdrawn. This action was taken solely at the direction of the president of the board of trustees, absent any recommendation by the medical board. He was not subsequently reappointed. No formal charges of misconduct had been made, nor was the plaintiff afforded the opportunity to defend his right, if any, to retain the privileges thus withdrawn.
In the case of private institutions, in the absence of any contractual relationship or agreement to the contrary, the exclusion of a physician from staff privileges rests entirely in the discretion of the managing authorities. (Van Campen v. Olean Gen. Hosp., 210 App. Div. 204, affd. 239 N. Y. 615; Loewinthan v. Beth David Hosp., 9 N. Y. S. 2d 367.)
*991 However, it is the plaintiff’s first contention that an instrument entitled, ‘ ‘ By-Laws Bules and Begulations of Southside Hospital ” (which simply contains by-laws, rules and regulations drawn up by the members of the medical staff, an unincorporated association, for their own guidance, and is hereinafter referred to as Staff By-Laws) constitutes a contract between the members of the medical staff and the hospital corporation to which this plaintiff is a party beneficiary, because it carries the written approval of the governing body of the hospital and is provided for by another instrument known as “ Constitution and By-Laws of Southside Hospital ” (hereinafter referred to as the Hospital Constitution). Article III, section 5 of the Staff By-Laws sets forth a strict procedure for the removal of any member of the staff by its own governing body, known as the medical board, on its own initiative or on charges preferred by the hospital board. It was the failure to follow this procedure that constitutes the alleged breach of contract herein.
Though the Staff By-Laws may provide procedural rules for the government of the members of the staff in their own association, it does not constitute a contract between the staff and the defendant hospital, nor is the hospital board thereby obligated to follow the procedures therein provided. The Hospital Constitution (art. XI) provides generally that the medical board shall “ define the duties and privileges ” of the members of the staff, but does not obligate the hospital to follow procedures designed for their own self government. By paragraph I of its own by-laws, the hospital reserves itself the right to conduct its own affairs. Furthermore, the very section of the Staff By-Laws setting forth the procedure for the removal of a member thereof, provides that nothing therein contained “ shall be deemed to limit or restrict the power * * * of the governing body of the hospital to maintain control and administer the hospital and its staff * * * and take any and all actions necessarily and legally proper in connection therewith ”. (Staff By-Laws, art. Ill, § 5, subd. 11.)
The two instruments taken together spell out no mutuality of obligation or consideration which would require the corporation to follow a procedure set by the medical staff for disciplining any of its members.
The plaintiff’s second cause of action is predicated on the theory that a contractual relationship was created by his 1956 appointment having been made in consideration for a contribution of $1,000 to the hospital’s building fund. At the trial, however, it was revealed that the contribution pledge was subscribed in 1954 and was solicited solely by members of the staff. *992 A mere contribution to the corporation did not give him any special right or privilege. Article X of the Hospital’s Constitution provides that appointments to the staff shall be annual for the period of one year, and nothing therein, nor in the Staff By-Laws, obligates the hospital to reappoint, whether on recommendation of the medical staff or not. The recommendations of the latter are advisory only. (Staff By-Laws, art. Ill, § 3.) The appointment is a privilege extended as a benefit to no one but the applicant.
Having found no contractual relationship to have been established, it becomes unnecessary to discuss the circumstances leading up to the withdrawal of this plaintiff’s obstetrical privileges. Suffice it to say that in no way do I find the hospital’s corporate powers to have been “ illegally or unconscientiously ” executed. (See Van Campen v. Olean Gen. Hosp., 210 App. Div. 204, affd. 239 N. Y. 615, supra.) Judgment is therefore granted in favor of the defendants, dismissing the complaint, with costs.
This shall constitute the decision of this court in accordance with section 440 of the Civil Practice Act.