W. B. WEARY, Appellant,

v.

**BAYLOR UNIVERSITY HOSPITAL,**
Appellee.

No. 4047.

Court of Civil Appeals of Texas.

Waco.

Oct. 4, 1962.

Rehearing Denied Oct. 25, 1962.

Carter, Gallagher, Jones & Magee, Morton Rudberg, Robert G. Payne, Dallas, for appellant.

Burford, Ryburn & Ford, Robert E. Burns, Dallas, Bruce Graham, Greenville, for appellee.

McDONALD, Chief Justice.

Dr. W. B. Weary, plaintiff (appellant), brought this suit against Baylor University Hospital, defendant (appellee), alleging that Baylor had breached a written contract in failing to reappoint him to its Medical Staff. Dr. Weary sought a mandatory injunction to restore him to the Staff, and damages.

Both parties filed motions for summary judgment, asserting absence of any material fact issues. (Plaintiff's motion was limited to the issue of liability, while defendant's motion was unlimited.)

The Trial Court granted defendant's motion for summary judgment, overruled plaintiff's motion, and entered judgment that plaintiff take nothing.

Plaintiff appeals, contending:

The Trial Court erred for the reason that defendant's Medical Staff By Laws constituted a written contract between plaintiff and defendant; and that such By Laws entitled plaintiff to a *hearing,* before not being reappointed; and that he was not accorded a hearing.

The sole question presented is whether plaintiff, under the undisputed facts, has stated a cause of action against defendant.

Baylor University Hospital is a private hospital operated by a private non-profit corporation. It is governed by a group of 12 men known as the Dallas Executive Committee of the Governing Board of Baylor University, which has full authority over all internal affairs of the hospital.

In 1946 the several hundred physicians and dentists practicing in Baylor Hospital formed an organization officially described as the "Medical Staff of Baylor University Hospital," and drew up and adopted as Condition and By Laws for the organization. Such were approved and adopted by the Governing Board of the hospital.

The By Laws provide that appointments to the Medical Staff are made solely by the Governing Board of the Hospital, and are for a period of one year. The procedure for annual reappointment to the Medical Staff is that annually each Chief of Service submits in writing his recommendations for reappointment within his clinical de-

partment to the Credentials Committee which reviews such information and in turn forwards its own recommendation to the Governing Board for final action. The various committees of the Medical Staff are limited to "recommending," whereas the Governing Board has final authority to re-appoint or not to reappoint Staff members. When the Credentials Committee fails to recommend reappointment of a Staff member, Article III, Section N of the Medical Staff By Laws provides for a hearing before the Medical Board if the doctor denied reappointment so desires. Plaintiff, Dr. Weary, was first appointed to membership in the Department of Neurological Surgery on the Medical Staff in 1946. He was by annual reappointments by the Governing Board continued as a member of the Medical Staff through 1958.

As a result of differences of professional opinion in the Neurological Surgery Service of the Hospital, the Chief of such service failed to recommend Dr. Weary for reappointment. The Credentials Committee in turn submitted its recommendations to the Governing Board of the Hospital, again omitting Dr. Weary's name from the list of recommended reappointments for 1959. The Governing Board thereafter failed to reappoint Dr. Weary.

Dr. Weary was informed of the action of the Governing Board on Dec. 3, 1958, and thereafter wrote a letter to the Chairman of the Medical Board resigning from the Medical Staff effective December 31, 1958. By letter of December 10, 1958 his resignation was accepted. On December 22, 1958 Dr. Weary withdrew his resignation and demanded a hearing before the Medical Board. The Governing Board thereafter granted Dr. Weary "temporary privilege" to practice until July 1, 1959. Dr. Weary then requested his hearing be held in June 1959, and was notified by the Medical Board to appear for the hearing on June 15, 1959. He appeared in person on June 15, 1959 and presented his contentions and side of the matter. He was not per-mitted to bring witnesses in his behalf, nor to be confronted with or cross examine the witnesses adverse to him.

Plaintiff contends that he has a contractual right to a "hearing" under the By Laws; and that he was not accorded such hearing; and that for such reason the Governing Board is legally precluded from failing to reappoint him.

Under our view of the case, it is unnecessary to pass on the question of whether plaintiff was in fact accorded a hearing before the Medical Board.

■ There is no question but that the various committees of the Medical Staff, including the Medical Board, could only *recommend and advise* on reappointments; and that the Governing Board has *final authority* on reappointments and is under no obligation to accept or reject the recommendations of the Medical Board. The Governing Board has the power to determine who shall practice in the hospital, and such power to make Staff appointments and reappointments is without restriction. Neither the results of a hearing, nor the provisions for a hearing before the Medical Board are binding on the Governing Board; and internal procedures set forth in the Medical Staff By-Laws, even though such By-Laws be approved and adopted by the Governing Board, cannot limit the power of the Governing Board of the Hospital to reappointing or not reappoint a Staff Doctor.

■ We think that plaintiff has not stated a cause of action against defendant. The following cases are in accord; represent the majority view, and we think the better reasoned view in this country: Group Health Cooperative v. King County Medical Society, 39 Wash.2d 586, 237 P.2d 737; Van Campen v. Olean General Hospital, 210 App.Div. 204, 205 N.Y.S. 554, affirmed 239 N.Y. 615, 147 N.E. 219; Strauss v. Marlboro County Gen. Hosp., 185 S.C. 425, 194 S.E. 65; Hughes v. Good

898

Samaritan Hosp., 289 Ky. 123, 158 S.W.2d 159; Levin v. Sinai Hosp., 186 Md. 174, 46 A.2d 298; Harris v. Thomas (n. w. h.), Tex.Civ.App., 217 S.W. 1068; People ex rel. Replogle v. Julia Burham Hospital, 71 Ill.App. 246; Henderson v. City of Knoxville, 157 Tenn. 477, 9 S.W.2d 697; Natale v. Sisters of Mercy, 243 Iowa 582, 52 N.W. 2d 701; Akopiantz v. Board of Co. Comm., 65 N.M. 125, 333 P.2d 611; West Coast Hosp.Ass'n v. Hoare, Fla., 64 So.2d 293; Duson v. Poage (n. r. e.), Tex.Civ.App., 318 S.W.2d 89; State ex rel. Wolf v. LaCrosse Lutheran Hospital Ass'n, 181 Wis. 33, 193 N.W. 994; Manczur v. Southside Hospital, 16 Misc.2d 989, 183 N.Y.S. 2d 960; Edson v. Griffin Hospital, 21 Conn. Super. 55, 144 A.2d 341; Glass v. Doctors Hosp., 213 Md. 44, 131 A.2d 254.

Berberian v. Lancaster Osteopathic Hospital, 395 Pa. 257, 149 A.2d 456 and Joseph v. Passaic Hospital Ass'n, 26 N.J. 557, 141 A.2d 18, hold to the contrary, but represent, we think, the minority view.

The judgment of the Trial Court is affirmed.