**SOUTHERN METHODIST UNIVERSITY,**
**Appellant,**

v.

**Mike SMITH, Appellee.**

No. 18519.

Court of Civil Appeals of Texas, Dallas.

Oct. 23, 1974.

Rehearing Denied Oct. 23, 1974.

John H. McElhaney, Turner, Rodgers, Sailers, Jordan & Calloway, Dallas, for appellant.

Judson Francis, Jr., Bean, Francis, Ford, Francis & Wills, Dallas, for appellee.

BATEMAN, Justice.

This is an appeal from an order granting a temporary injunction prohibiting Southern Methodist University from declaring, Mike Smith ineligible to play intercollegiate foootball. We reverse the order of the trial court and dissolve the temporary injunction.

The plaintiff Smith is a member of the intercollegiate football team of the defendant Southern Methodist University (SMU). SMU is a private educational institution and a member of the National Collegiate Athletic Association (NCAA), which has certain rules and regulations

concerning eligibility of individual players on the teams of its members. It is undisputed that plaintiff accepted financial aid in excess of the amounts allowed by the NCAA rules, for which reason NCAA ordered SMU to declare plaintiff ineligible. SMU protested this order vigorously and exhausted its rights to appeal to the NCAA Council. Being 'faced with the option of complying with NCAA's edict or submitting to disciplinary action in the form of expulsion from NCAA, SMU notified Smith that he would not be allowed to play.

■ Smith does not contend that he has a constitutional right to play football, but that he was deprived of due process by being denied notice and a hearing before he was declared ineligible. SMU replies that there is no provision in the NCAA rules for a hearing to be held by a member, such as SMU, and that such a hearing would be but a futile formality since, regardless of the outcome thereof, SMU would still be under the threat of expulsion from NCAA if it failed to declare Smith ineligible. Smith admitted at the injunction hearing that he had received the excessive financial aid; and this in itself would render a hearing of the matter meaningless and only cause unwarranted delay.

We hold that Smith does not have a legal right to a hearing by SMU. We are supported in this view by the decision in Weary v. Baylor University Hospital, 360 S.W.2d 895 (Tex.Civ.App.—Waco 1962, writ ref'd n. r. e.). There a doctor sued for mandatory injunction to restore him to the medical staff of the hospital, to which he had not been reappointed. He alleged that he was not accorded a hearing by the medical staff, and it was held that he was not entitled to such a hearing, because the hospital's governing board had unrestricted power over reappointments to the staff, and was not bound by the bylaws adopted by the medical staff, which provided for such a hearing. In the case at bar, the NCAA has unrestricted power to make the final decision affecting the eligibility of student athletes, and would not be bound by the result of any hearing which SMU might have with respect to Smith. Smith argues that *Weary* is not applicable because in that case the plaintiff alleged breach of contract, whereas Smith does not claim a breach of contract. If he is not proceeding on the theory of breach of contract, then he is necessarily claiming the right to a hearing on the termination of a legally unenforceable benefit or privilege. Since he admits that he does not have a contractual right to claim such a benefit or privilege, his demand is in our view without support in logic or law.

■ Moreover, the order granting the temporary injunction is reversed because the question of a right to a hearing is moot. A question becomes moot when its decision cannot have any practical legal effect upon a then existing controversy. NcNeill v. Hubert, 119 Tex. 18, 22, 23 S. W.2d 331, 333 (1930); Anderson v. Crain Chemical Co., 381 S.W.2d 364 (Tex.Civ. App.—Dallas 1964, no writ). It is undisputed that the NCAA has the only authority over eligibility decisions and that its rules do not provide for a hearing such as Smith requests. Consequently, no decision by SMU authorities after a hearing such as that requested by Smith could establish his eligibility to play intercollegiate football. Furthermore, Smith has admitted his acceptance of the excessive financial aid, and that this constituted a clear violation of NCAA rules. A hearing could have given him no relief in the light of that admission; SMU would have been powerless to declare him eligible after such a hearing, even if everything he has contended for in the trial court and in this court had been granted him. SMU would still be compelled to follow NCAA's instructions to declare him ineligible, or lose its own membership in NCAA.

For the reasons stated we reverse the order of the trial court and dissolve the temporary injunction.

CLAUDE WILLIAMS, C. J., and GUITTARD, J., concur.